# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| CURTIS SMITH,<br><br>　　　　Petitioner,<br><br>vs.<br><br>WARDEN, FPC YANKTON,<br><br>　　　　Respondent. | No. C06-0010-LRR<br><br>ORDER TRANSFERRING CASE |

　　　　This matter is before the court on the petitioner's application for a writ of habeas. The petitioner submitted such application on January 19, 2006. The petitioner did not submit either the $5.00 filing fee or an application to proceed in forma pauperis. *See* 28 U.S.C. § 1914(a) (requiring $5.00 filing fee); 28 U.S.C. § 1915 (explaining proceedings in forma pauperis).

　　　　The petitioner is currently an inmate of the Federal Prison Camp in Yankton, South Dakota. It is unclear from the petitioner's application for a writ of habeas corpus in what state or district the petitioner was convicted and sentenced. A review of the public records for the Northern District of Iowa, the Southern District of Iowa and the State of Iowa indicates that he is not serving a sentence based on an Iowa conviction, either federal or state. Nonetheless, it is clear from the application for a writ of habeas corpus that the petitioner seeks to challenge the legality of his conviction and resulting confinement.

　　　　Generally speaking, federal district courts outside the State in which the custodian of a petitioner resides do not have personal jurisdiction over habeas corpus actions brought by such petitioner. *See Hogan v. Iowa*, 952 F.2d 224, 225 (8th Cir. 1991). *See also* 28 U.S.C. § 2241(d). In addition, venue lies only in the judicial district in which the prisoner

either was convicted or currently is in custody. *See* 28 U.S.C. § 1391. Mistakes as to both jurisdiction and venue are cured by transfer, not dismissal. Because personal jurisdiction is lacking and venue is not proper in this district, the court deems it appropriate to transfer the petitioner's application for a writ of habeas corpus forthwith to the United States District Court for the District of South Dakota, the district where the petitioner is confined. The Clerk of Court is directed to send the entire file to:

> United States District Court for the
> District of South Dakota
> 400 S. Phillips Ave.
> Sioux Falls, SD 57104

The Clerk of Court is also directed to retain a copy of the file.

By this order, the court expresses no opinion as to whether the petitioner's application for a writ of habeas corpus meets the requirements of the applicable habeas statutes and does not rule on whether the petitioner's action should be dismissed because he failed to submit either the statutory $5.00 filing fee or an application to proceed in forma pauperis.

**IT IS SO ORDERED**.

**DATED** this 26th day of January, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA